# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEMETRIUS M. BOYD,

    Plaintiff,

    v.                                            Case No. 12-CV-803

WILLIAM POLLARD, CAPTAIN DONALD STRAHOTA,
BRIAN GREFF, CAPTAIN OLSON,
JAMES SCHWOCHERT, JOSEPH BEAHM,
RYAN FLEJTER, MIKE VANDERBUSH,
ARNOLD CARLSON, TIMOTHY BORI,
DAN BRAEMER, DANIEL STIEMSMA,
YOLANDA TIENSTRA, CAPT. O'DONOVAN,
DONNA LARSON, ANN SLINGER,
and ANNA GARCIA,

    Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 2), DISMISSING DEFENDANTS SCHWOCHERT, FLEJTER, BORI, VANDERBUSH, CARLSON, GREFF, OLSON, O'DONOVAN, SLINGER, LARSON, GARCIA, STIEMSMA, AND TIENSTRA, AND DIRECTING SERVICE OF THE COMPLAINT ON THE REMAINING DEFENDANTS

       Plaintiff, a Wisconsin state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983, alleging that the defendants have violated his civil rights and seeking declaratory relief as well as monetary damages. Now, the matter is before the court on plaintiff's petition to proceed in forma pauperis. Also, it appears that he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint or a portion thereof is to be dismissed if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

2

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant, plaintiff was incarcerated at Waupun Correctional Institution. According to the complaint, on April 1, 2011, defendant Captain Brian Greff assembled a cell entry team to remove plaintiff from his cell. The team consisted of defendants Officer Joseph Beahm, Officer Mike Vanderbush, Officer Ryan Flejter, Officer Arnold Carlson, and Officer Timothy Bori. The plaintiff complied with orders to place his hands out of the cell trap door to be restrained. Defendants Beahm and Vanderbush held his wrists and

immediately he felt a burning sensation which he believes was due to chemicals that defendant Beahm placed on his black leather gloves, a practice employed by some correctional officers. Plaintiff could not help but try to pull his arm away, thereby causing defendant Beahm to pull his arm from the trap door more aggressively. When plaintiff ceased his attempt to break loose, defendant Beahm placed his forearm flat on the top of the trap and applied his weight to plaintiff at which point plaintiff thought his arm would snap in half. At the same time, defendant Vanderbush was holding plaintiff's other arm.

The cell door was opened and plaintiff was ordered to exit the cell and to kneel on the concrete floor facing the wall. Defendant Greff failed to provide plaintiff with a kneeling pad to support his knees, even though defendant Beahm was aware that plaintiff has neck and back problems. Defendants Beahm and Vanderbush were on either side of plaintiff while defendant Carlson applied leg restraints to plaintiff's ankles. Defendant Beahm began to provoke plaintiff by aggravating pressure points on his arms. Plaintiff was then told to stand up. At that time, defendant Greff held his Ultron II electronic device against plaintiff's back and neck. Plaintiff asked defendant Greff to remove it, but Greff gave him a dirty look. While plaintiff was standing up, defendant Beahm triggered a nerve in his left arm and plaintiff "bluffed Lt. Greff by blowing air in his direction." (Compl. at 7.) The cell entry team took plaintiff to the floor while he was still cuffed to the cell door and in full restraints. Defendant Beahm whispered threats, racial slurs, and derogatory statements into plaintiff's ear and attempted to spit on him. Moreover, defendant Beahm was choking plaintiff when he lay on him.

The team lifted plaintiff from the floor and escorted him from his cell to the upper A wing. Once they entered the A wing, all team members, except defendant Beahm let go

4

of plaintiff, and Beahm body slammed plaintiff to the concrete floor. Plaintiff's head hit the floor very hard. He was then escorted to his cell where he was struck several times with a closed fist by someone he is unable to identify. Afterward, defendant Beahm ran plaintiff's face and head into the wall several times.

Plaintiff's clothes were cut off and someone groped his private parts. He felt a burning sensation on his penis and testicles, and near his anus area, as if someone had rubbed these areas with chemicals. The burning sensation lasted at least 70 days, despite washing, and made it difficult to use the bathroom. Plaintiff sustained two black eyes, his head was "busted open" on both sides, and he could not see with his right eye.

Defendants Nurse Ann Slinger and Nurse Donna Larson glued shut the wound above plaintiff's right eye to save the state money. The glue came off the first night and plaintiff developed an infection.

After the incident, defendant Deputy Warden Donald Strahota authorized plaintiff's placement on a "back of cell restriction," two man escort restriction, and spit mask restriction for 30 days. Additionally, plaintiff was placed into a cell with no sheets, blankets, clothes, mattress, toilet paper, or other property. The cell had human feces on the floor and walls, and dried blood on the floor near the sink/toilet area. Moreover, plaintiff was not given cleaning supplies. He notified defendants Strahota, Lieutenant Dan Braemer, and Warden William Pollard of the cell conditions but received no response.

Plaintiff received a conduct report and full due process hearing following the April 1, 2011, incident. At the hearing, he was found guilty of disrespect, disruptive conduct, disobeying orders, and battery to staff. Defendant Captain O'Donovan sentenced plaintiff to 360 days in segregation and he appealed. Defendant Pollard affirmed the findings.

Plaintiff filed a John Doe complaint against defendants Detective Daniel Stiemsma of the Dodge County Justice Facility interviewed plaintiff about the incident, however the complaint was dismissed.

A criminal complaint was filed charging plaintiff with Prisoner Throw/Expel Bodily Substances in violation of Wisconsin Statute § 946.43(2m)(a), Dodge County Case Number 2011CF000160. A trial was held on March 7, 2012, which resulted in a mistrial. The court conducted another trial upon the request of defendant Tienstra. Plaintiff asserts that "this is clearly malicious prosecution and leading to double jeopardy which is a federal const. violation." (Compl. at 15.) At a retrial held on August 8, 2012, plaintiff was found guilty. *See* Wisconsin Court System Circuit Court Access, http://wcca.wicourts.gov, visited October 3, 2012. He was sentenced to two and one half years in prison and two years extended supervision. *Id.*

Plaintiff has filed a habeas petition under 28 U.S.C. § 2254 asserting that he is being held against his free will and has been in segregation since the April 1, 2011, incident. Court records reveal that plaintiff has filed a habeas petition, *Boyd v. Pollard*, Case Number 2:12-cv-00388-CNC (E.D. Wis.), which is currently pending in this court. However, that petition is related to plaintiff's underlying criminal conviction, Milwaukee County Case Number 2008CF81.

## DISCUSSION

Plaintiff's allegations state a claim against defendant Beahm for using excessive force because they charge that defendant Beahm used more force than necessary to maintain or restore discipline. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (citing *Hudson v. McMillian*, 503 U.S 1, 6-7 (1992)); *see also Guitron v. Paul*, 675 F.3d

6

1044, 1045-46 (7th Cir. 2012). However, the complaint does not assert an excessive force claim against any other defendant. *See Arnett v Webster*, 658 F.3d 742, 757 (7th Cir. 2011); *see also Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). On the other hand, the complaint states a conditions of confinement claim against defendants Strahota, Braemer, and Pollard because it alleges that plaintiff notified them of his cell conditions and they did not respond. *See Vinning-El v. Long*, 482 F.3d 923, 924-25 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

Plaintiff's charges against defendants Slinger and Larson regarding the taping of his injuries do not state a medical care claim even though plaintiff would have preferred stitches for his injury. Mere medical malpractice or a disagreement with a medical professional's medical judgment is not deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).

Additionally, there is no indication how defendant Stiemsma's act of interviewing plaintiff regarding his John Doe case violated plaintiff's constitutional rights. Lastly, defendant Tienstra is entitled to absolute immunity for her actions directly relevant to trying the criminal case against plaintiff. *See Fields v. Wharrie*, 672 F.3d 505, 510-11 (7th Cir. 2012).

In sum, plaintiff may proceed on an Eighth Amendment excessive force claim against defendant Beahm and an Eighth Amendment conditions of confinement claim against defendants Strahota, Braemer, and Pollard. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is GRANTED.

IT IS FURTHER ORDERED that defendants Schwochert, Flejter, Bori, Vanderbush, Carlson, Greff, Olson, O'Donovan, Slinger, Larson, Garcia, Stiemsma, and Tienstra are DISMISSED.

IT IS FURTHER ORDERED, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, that copies of the complaint and this order be sent electronically to the Wisconsin Department of Justice for service on the state defendants.

IT IS FURTHER ORDERED, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, that defendants shall file responsive pleadings within sixty days of receiving electronic notice of this order.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

>Honorable Charles N. Clevert, Jr.
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2012.

>BY THE COURT
>
>/s/ C. N. Clevert, Jr.
>C. N. CLEVERT, JR.
>CHIEF U. S. DISTRICT JUDGE